## Columbia Transp. Service, Inc., et al. v. Hawkins.

May 10, 1949.

Woodward, Hobson & Fulton for appellants.

J. Walter Clements for appellee.

OPINION OF THE COURT BY JUDGE HELM—Reversing.

This appeal is from a judgment of the Jefferson circuit court awarding appellee $23,584.50 for personal injuries.

About 9 a. m. on February 11, 1947, appellee, Golden Arnett Hawkins, 35 years of age, a bricklayer by trade, was driving east on Phillips Lane at about 25 miles per hour in a 1½ ton Chevrolet truck. Phillips Lane is 18 or 20 feet wide. It was a sunshiny, clear day. In the 600 block an International truck of the Columbia Transportation Service was proceeding slowly on his right side. Hawkins states that he blew his horn when

he was about 100 feet behind it and started to pass it by driving upon his left side of the street; that when "we was right up there side by side," the driver of appellant's truck started to cut over; that he tried to get out of the way but could not; that the bumper of appellant's truck caught the rear wheel of his truck and "throwed me upside down." Hawkins states that he did not cut his truck back to the right in front of appellant's truck, that he was on the left side of the street as he attempted to pass, as the trucks collided and after the collision; that appellant's truck was three or four feet to the left of the center line of the street after the accident; that his truck was "laying over on the left side of the road in the ditch. Just the front end of it was on the highway." He says that the front bumper and fender of appellant's International truck came into collision with the right rear wheel of his truck, that "my truck flopped up on its end and fell on its side and caught me underneath the door. * * * When the truck came down, the door come across my right leg;" that he was pinned under the truck and was unable to extricate himself from the truck without assistance. A piece of the tire of the right rear wheel of his truck was torn loose.

Appellant's truck was delivering merchandise for Sears, Roebuck & Co. George F. Jungbert was traveling west on Phillips Lane at the time of the accident. He says, "I saw this Sears truck coming towards me. * * * I saw the driver make a sharp turn in towards a drive, a cinder drive, while this Hawkins truck was passing, and that let the right rear wheel catch onto the bumper, and that turned him over. * * * It was the Sears truck that made the left turn and caught the Hawkins truck * * * on the right rear wheel as he was passing."

Herbert S. Meyer was traveling along Phillips Lane behind the Hawkins truck. The Sears truck was driving slowly. He saw the Hawkins truck traveling behind the Sears truck; Hawkins sounded his horn and attempted to pass the Sears truck. The Sears driver made a left turn, causing the Hawkins truck to turn over. The Sears truck "stopped right away. The Hawkins truck stopped about seventy-five feet past the Sears truck."

James Emmett Pendleton, a former county patrolman, was traveling through Phillips Lane in a car when

he "came upon this accident." Appellant's truck was "setting in an angle across Phillips Lane. The front end of it was something like three or four feet over the center line, headed towards this driveway, where this truck had glanced off and went over in this ditch."

Ernest E. Thomas states that he was in the employ of the appellant, driving its International truck delivering merchandise for Sears, Roebuck & Co.; that he did not hear any horn sounded, that the first he knew that anyone was attempting to pass him, "I just looked up and saw those stakes by the side of me * * *, that was the first time I knew anyone was passing;" that the front end of the Hawkins truck was approximately even with him at the time he first saw it; that at the time of the accident, he was "traveling on the righthand side of the center line." When asked how his truck moved three or four feet over on the other side of the line, he answered, "Something hung into the front end of my truck * * * and snatched it. * * * When this collision happened, there was something hung into my bumper and front end of the fender and when it did—I don't know how it come, but anyhow it cut my front wheels like this, and as soon as it hit, I stomped my brakes— whether it was the truck that pulled it over or not I don't know; I stomped the brakes as soon as I could."

Dr. Robert L. Woodard first saw appellee on February 15, 1947. X-ray pictures revealed a "comminuted compression fracture of the first lumbar vertebra." Dr. Woodard stated that the X-ray pictures failed to reveal any broken bones in the neck and that "it was very evident that he had received a severe traumatic injury to the neck, to such an extent that I applied a brace—a cervical brace that would hold his head—his chin—up, * * * and come down on his shoulders, which he wore for several months." For the fracture of the back, "a body jacket—plaster jacket—was applied, extending from the collar bone down to below the abdomen— below the bladder, which held his spine in—held the back in hyper-extension." This cast remained on him for six months and five days.

Dr. Woodard says that the injury to Hawkins is permanent, that at the time of the trial on December 9, 1947, Hawkins had not been able to return to work

or to engage in his occupation as a bricklayer and that he would never be able to do that kind of work again because his condition will prevent him from stooping, lifting and bending, especially bending. He stated that Hawkins would require further medical treatment. His bill up to the time of testifying was $425. He estimated that his bill for future services would be about $75.

Appellee pled generally in his petition, asking $20,-000 for pain, suffering and permanent injuries; $1,000 for medical and hospital attention and $5,200 for loss of time.

Appellants pled contributory negligence.

Appellants in their brief assign three errors: (1) The instructions given by the court were erroneous; (2) the court erred in failing to instruct on the contributory negligence of appellee; and (3) counsel for appellee indulged in improper and prejudicial argument.

The court refused the instructions offered by appellee and by appellants and on his own motion, gave instructions 1 and 2 as follows:

"1. If you believe from the evidence that the plaintiff, Golden Arnett Hawkins, at the time and place referred to in the evidence, while passing the truck of the defendant, Columbia Transportation Service, Inc., the said truck of the defendant, Columbia Transportation Service, Inc. was turned from its right side of the road to the left side thereof, and thereby came into collision with the truck of the plaintiff, Golden Arnett Hawkins, and said truck of the plaintiff was thereby caused to be overturned, and the plaintiff was thereby injured, then the law is for the plaintiff, Golden Arnett Hawkins, and you will so find.

"But unless you so believe from the evidence, or if you shall believe from the evidence as is set forth in Instruction No. 2, then the law is for the defendants, Columbia Transportation Service, Inc., and Ernest Eugene Thomas, and you will so find.

"2. If you believe from the evidence that while the truck of the defendant, Columbia Transportation Service, Inc., was being operated by the defendant, Ernest Eugene Thomas, on its right side of the road, at the time and place referred to in the evidence, the plain-

tiff, Golden Arnett Hawkins, attempted to pass said truck of the defendant, Columbia Transportation Service, Inc., and before the truck of the plaintiff, Golden Arnett Hawkins, was completely past the truck of the defendant, Columbia Transportation Service, Inc., the plaintiff, Golden Arnett Hawkins, turned his said truck back to his right side of the road and came into collision with the truck of the defendant, Columbia Transportation Service, Inc., and the truck of the plaintiff, Golden Arnett Hawkins, was thereby caused to overturn and he was thereby injured, then the law is for the defendants, Columbia Transportation Service, Inc., and Ernest Eugene Thomas, and you will so find."

The court also gave the usual instructions on damages, loss of time, medical and hospital expenses and that nine or more of the jury may make a verdict.

Both the appellee and the appellants excepted to each of the instructions given by the court.

Appellee in his brief suggests that the court patterned his instructions after those suggested in Colyer v. Hudson, 261 Ky. 84, 87 S. W. 2d 92. A reading of the Colyer case reveals that essential elements suggested for the instructions there are omitted from the instructions given here, requiring that this case be reversed.

Summarizing the evidence, the driver for the appellant says that at the time of the accident and as he saw the Hawkins truck passing on his left, he was driving on his right side of the street. It appears that he was driving slowly. He says he was not preparing to and did not turn across the street to his left at that time. The driver of appellant's truck says in effect that Hawkins cut over to the right and collided with the Sears truck, which was at the time on its right side of the street. The appellee, Hawkins, says that he gave a signal before starting to pass appellant's truck, that he was driving at a reasonable rate of speed and that he was at all times in question on his left side of the street. He says that the driver of the Sears truck cut over to the left side of the street against his truck when he had almost passed it, catching his right rear wheel with the bumper and fender of the Sears truck.

The sharp, decisive issue thus presented is: Did the Sears truck cut over to the left and collide with the Hawkins truck, thus causing it to overturn and injure Hawkins, or was Hawkins negligent and did he contribute to the upset of his truck by cutting over against the Sears truck when it was on its right side of the street? We believe this issue alone should have been submitted to the jury, together with instructions defining the measure of damages, negligence, ordinary care and one informing the jury as to the number of its members necessary to make a verdict.

Upon another trial, if one is had and if the evidence is substantially the same as that upon the present trial, the court should instruct the jury in substance as follows:

(1) If you shall believe from the testimony that at the time and place referred to and while the truck of the plaintiff, Golden Arnett Hawkins, was passing the truck of the defendant, the driver of the truck of the defendant, Columbia Transportation Service, Inc., negligently turned his truck from its right side of the street to the left side thereof and thereby caused it to collide with the truck of the plaintiff, Hawkins, and that the truck of the plaintiff was thereby and as a proximate result thereof caused to be overturned and that the plaintiff was thereby injured, then the law is for the plaintiff, Golden Arnett Hawkins, and you should so find. Unless you so believe from the testimony, or if you shall believe from the testimony as is set out in instruction No. 2, then the law is for the defendants and you should so find.

(2) It was the duty of the plaintiff, Golden Arnett Hawkins, in overtaking the truck of the defendant, to pass to the left of it and not again drive to the right of the center of the street until he was reasonably clear of it, and in overtaking it, it was his duty to sound his horn or other sound device before passing.

If you shall believe from the testimony that the plaintiff, Hawkins, negligently failed to perform either of these duties and that such negligence so contributed to bring about the injuries complained of that otherwise he would not have been injured, then the law is for the defendants and you should so find.

Upon another trial we presume that the improper argument, if any, complained of will not be repeated.

The judgment of the circuit court is reversed, with directions for proceedings not inconsistent with this opinion.